UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNA KIHAGI, et al.,

Plaintiffs,

v.

CITY OF SAN FRANCISCO, CALIFORNIA, et al.,

Defendants.

Case No. 15-cv-01168-KAW

**ORDER GRANTING MOTIONS TO WITHDRAW; ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 84-87

Attorney Isaac R. Zfaty moves to withdraw his firm as Plaintiffs' counsel. (Mots. To Withdraw, Dkt. Nos. 84-87.) Neither Plaintiffs nor Defendants filed an opposition to Attorney Zfaty's motion to withdraw. The Court held a hearing on the motion on February 21, 2019; Attorney Sam B. Maralan appeared on behalf of Attorney Zfaty at the hearing, but Plaintiffs did not. (Dkt. No. 96.)

Having reviewed the filings, the Court GRANTS Attorney Zfaty's motion to withdraw as counsel.

## I. BACKGROUND

Plaintiffs filed the instant case against Defendants on March 12, 2015, asserting various constitutional violations. (Compl., Dkt. No. 1.) On January 15, 2016, the Court stayed the case pending a code enforcement case brought by Defendants against Plaintiffs in state court. (Dkt. No. 43.) The state case has since been resolved in favor of Defendants, and was upheld on appeal. (*See* Dkt. No. 83 at 2.)

On January 8, 2019, Attorney Zfaty filed four nearly identical motions to withdraw as counsel for each Plaintiff, on the ground that there has been a substantial and irreconcilable breakdown of the attorney-client relationship, and that Plaintiffs are in breach of the attorney-

United States District Court
Northern District of California

client agreements. (Dkt. No. 84 at 3; Dkt. No. 85 at 3; Dkt. No. 86 at 3; Dkt. No. 87 at 3.) Attorney Zfaty asserts that the breakdown and breach of the attorney-client relationship renders representation of Plaintiffs impossible. (*Id.*)

The motions to withdraw were served on Plaintiffs at the mailing address and e-mail address that were used to contact Plaintiffs throughout Attorney Zfaty's representation of Plaintiffs. (Dkt. No. 84 at 4; Dkt. No. 85 at 4; Dkt. No. 86 at 4; Dkt. No. 87 at 4.) As of the date of this order, Plaintiffs have not filed an opposition.

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a),"[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to withdrawal by attorney). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw. Counsel may withdraw from representation in any matter in which the client "breaches an agreement or obligation to the member as to expenses or fees," has made it "unreasonably difficult for the member to carry out the employment effectively," or "knowingly and freely assents to termination of the employment." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d), (f) & (C)(5). The court has discretion to grant or deny a motion to withdraw, and it can exercise that discretion, and decide to deny such a motion, "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, Case No. 03-cv-5495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008)

(internal citation and quotations omitted).

## III. DISCUSSION

Attorney Zfaty moves to withdraw on the ground that there is an irreconcilable breakdown in the attorney-client relationship, and that Plaintiffs have breached the attorney-client agreement. (Dkt. No. 84 at 3; Dkt. No. 85 at 3; Dkt. No. 86 at 3; Dkt. No. 87 at 3.)

The Court finds that good cause exists to grant Attorney Zfaty's motion to withdraw. Attorney Zfaty asserts that the breakdown in the attorney-client relationship and the breach of the attorney-client agreement have rendered representation of Plaintiffs impossible. (Dkt. No. 84 at 3; Dkt. No. 85 at 3; Dkt. No. 86 at 3; Dkt. No. 87 at 3.) Further, although Plaintiffs were informed of Attorney Zfaty's intent to withdraw prior to the instant motion, and served with the motion to withdraw, neither they nor Defendants have objected to the motion. (*See* Dkt. No. 84 at 4; Dkt. No. 85 at 4; Dkt. No. 86 at 4; Dkt. No. 87 at 4.) Finally, there has been no showing that withdrawal would work an injustice or cause undue delay of existing deadlines, especially when the case has been stayed and it is not clear the case may proceed in light of the state court ruling. Accordingly, the Court GRANTS the motion to withdraw.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Attorney Zfaty's motion to withdraw. Because Plaintiffs have not consented to the withdrawal and no substitution of counsel has been filed, all papers from the Court and from Defendants shall continue to be served on Attorney Zfaty for forwarding purposes until a substitution of counsel is filed. *See* Civil L.R. 11-5(b).

Because three of the four Plaintiffs are limited liability corporations, they are not able to appear in federal court except by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Therefore, the LLC Plaintiffs have 45 days from the date of this order to find substitute counsel. The Court advises Plaintiffs that failure to find new counsel or comply with Court orders may result in this case being dismissed as to the LLC Plaintiffs. *See Brite Smart Corp. v. Google, Inc.*, Case No. 15-cv-3962-BLF, 2016 WL 1070667, at *1 (N.D. Cal. Mar. 16, 2016) (dismissing case for failure to prosecute where corporate plaintiff was unable to obtain counsel to prosecute the case); *Greenspan v. Admin. Office of the U.S. Courts*, Case No. 14-cv-2396-JTM, 2014 WL

6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiff from an action due to failure to obtain legal representation).

Additionally, the Court ORDERS Plaintiffs to show cause why this case should not be dismissed, given that the code enforcement case and its appeal have been resolved in favor of Defendants. Plaintiffs' response should address whether res judicata and other principles of claim preclusion will preclude their federal claims. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) ("If Carroll loses on the merits of her case in the state proceeding, res judicata will also preclude her federal claims due to the state court's concurrent jurisdiction over those claims"); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984) ("Section 1983, however, does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims. [T]herefore, . . . petitioner's state-court judgment in this litigation has the same claim preclusive effect in federal court that the judgment would have in the . . . state courts."); *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) ("Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments . . . as the rendering state court would."). Plaintiffs' response to this order shall be filed within **60 days** of the date of this order. Failure to file a timely response **will** result in the Court reassigning the case to a district judge with the recommendation that the case be dismissed for failure to prosecute.

Attorney Zfaty is instructed to serve this order on Plaintiffs, and to file a proof of service of such service within seven days of the date of this order.

IT IS SO ORDERED.

Dated: February 27, 2019

KANDIS A. WESTMORE
United States Magistrate Judge